[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO MOTION FORCOMPLIANCE
Before the court is the plaintiff's Objection to a Motion for Compliance in which the defendant seeks to avoid disclosing a treating physician's office notes because the standard interrogatories do not require that to be done. Because the court agrees that these interrogatories require only disclosure of medical reports but do not require disclosure and delivery of all of the doctor's records, the court agrees with the plaintiff in her objection, and it is therefore sustained.
Both medical records and medical reports given an account of the medical condition of a person. However, there are distinctions between a medical record and a medical report. The generic term medical record is broad enough to include the contemporaneous series of entries arising out of treatment as well as medical reports made to others. A medical report need not be made contemporaneously with the treatment, and need not involve treatment of any medical conditions at all. Medical records record all history and treatment of conditions while medical reports merely summarize for the benefit of others, the history, treatment and professional opinion about the sequellae and prognosis for the patient. While the term "medical records" may include medical reports made, the term "report" does not include all office notes and treatment records. The word "report", as with so many other words in the English language dealing with the intellect, comes from the Latin root reportare meaning "to carry back or tell to others." Office notes made in medical records are made to record a course of treatment, primarily for the benefit of the treating physician.
The court will now turn to applying these distinctions and definitions to the specific standard form of discovery at issue in this case.
Discovery has been standardized in Practice Book forms 106.11B for the defendant and 106.10A for the plaintiff. The defendant employed from 106.11B.
In adopting this form as a standard, it was hoped to avoid disputes as to matters concerned with written discovery.
No. 17 of Standard Interrogatories requires, in pertinent part: "List each medical report received by you or your attorney relating to your alleged injuries or conditions by stating the name and address of the treating doctor or other health care provider, and of any doctor or health care person you anticipate CT Page 1444 calling as a trial witness, who provided each such report and the date thereof." The standard uses the word "report" to describe what is being sought from "treating doctor[s]" and other nontreating doctors who might be called to testify. This leads to the conclusion that what is requested to be disclosed are only a particular type of medical record, namely, reports by a physician to others, not a physician's office notes or other internal medical records. The plaintiff has disclosed these reports to others, to the defendant as requested, and is justified in objecting to an order of compliance requiring disclosure of things not asked for.
Objection to Motion for Compliance is sustained.
Flynn, J.